Filed 4/17/26  P. v. Briggs CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHNNY LEE BRIGGS,<br><br>    Defendant and Appellant. | F089731<br><br>(Super. Ct. No. F22904417)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  William Terrence, Judge.

Johnny Lee Briggs, in pro. per.; and John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Detjen, J. and Meehan, J.

Defendant Johnny Lee Briggs filed a "PETITION FOR DISMISSAL (Military Personnel)." The trial court denied the petition. On appeal, appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*),[1] identifying no error. Defendant was afforded an opportunity to submit a letter brief, and he submitted a letter brief and a supplemental letter brief. After reviewing the record and considering the contentions raised by defendant, we affirm.

## PROCEDURAL HISTORY AND BACKGROUND

On October 5, 2022, a jury found defendant guilty of first degree murder (Pen. Code,[2] § 187, subd. (a)). The jury also found true that defendant personally and intentionally discharged a firearm, causing great bodily injury or death (§ 12022.53, subd. (d)). On November 2, 2022, defendant was sentenced to an aggregate term of 50 years to life.

On February 3, 2025, defendant, proceeding in propria persona, filed Judicial Council Form CR-183/MIL-183, "PETITION FOR DISMISSAL (Military Personnel)." This form cites section 17, subdivision (b) and section 1170.9, subdivision (h). In signing the form, defendant asserted that he was granted probation in this case. Defendant asked the court to reduce his felony conviction to a misdemeanor; to set aside the verdict of guilt, allow him to enter a not guilty plea, and dismiss the action; and to seal police records of the arrest and court records of the dismissed action. On April 11, 2025, the

---

[1]    Pursuant to *Delgadillo*, which applies to certain postconviction proceedings, we are not required to conduct an independent review of the entire record. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 222–227, 232; *People v. Rosemond* (2025) 108 Cal.App.5th 667, 671–674.) Instead, when a defendant files a letter brief, as defendant did here, we are only "required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, at p. 232.) This procedure does not bar us from exercising our discretion to conduct an independent review of the record. (*Rosemond*, at p. 673.)

[2]    All further undesignated statutory references are to the Penal Code.

2.

court denied the petition on the ground that "[s]ections 17[, subdivision b] and 1170.9[, subdivision h] are not applicable to [d]efendant's sentence."

On April 28, 2025, defendant timely filed a notice of appeal.

## DISCUSSION[3]

As noted above, defendant's appellate counsel filed a brief identifying no basis for relief and requesting that we proceed pursuant to *Delgadillo*, *supra*, 14 Cal.5th 216. Defendant subsequently submitted a letter brief and a supplemental letter brief.

In his letter briefs, defendant argues that the trial court failed to consider mitigating factors related to his military service when sentencing him. However, the court's alleged failure to consider these factors is not part of the proceeding that is currently under review. (See e.g., *People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1122 ["the limited jurisdiction afforded by section 1172.6 does not provide the trial court broad jurisdiction to correct alleged errors in the original judgment on alternative grounds"]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings"].) Thus, defendant's arguments fail.

However, despite defendant's failure to address the issue on appeal, we have independently reviewed the record, and the trial court did not err by denying defendant's petition for dismissal. Section 1170.9 provides certain benefits to individuals who served in the military and are convicted of criminal offenses, subject to specific prerequisites. Subdivision (h) of that section provides the remedy defendant sought with his petition. It provides in part:

---

[3] Because the facts underlying the offense is not relevant to the issue on appeal, we omit a summary of those facts. The relevant facts are included in the Procedural History and Background section, *ante*.

3.

"(1) It is in the interests of justice to restore a defendant who acquired a criminal record due to a mental health disorder stemming from service in the United States military to the community of law abiding citizens. The restorative provisions of this subdivision apply to cases in which a trial court or a court monitoring the defendant's performance of probation pursuant to this section finds at a public hearing, held after not less than 15 days' notice to the prosecution, the defense, and any victim of the offense, that all of the following describe the defendant:

"(A) The defendant was granted probation and was at the time that probation was granted a person described in subdivision (a).

"(B) The defendant is in substantial compliance with the conditions of that probation.

"(C) The defendant has successfully participated in court-ordered treatment and services to address the sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems stemming from military service.

"(D) The defendant does not represent a danger to the health and safety of others.

"(E) The defendant has demonstrated significant benefit from court-ordered education, treatment, or rehabilitation to clearly show that granting restorative relief pursuant to this subdivision would be in the interests of justice.

"(2) When determining whether granting restorative relief pursuant to this subdivision is in the interests of justice, the court may consider, among other factors, all of the following:

"(A) The defendant's completion and degree of participation in education, treatment, and rehabilitation as ordered by the court.

"(B) The defendant's progress in formal education.

"(C) The defendant's development of career potential.

"(D) The defendant's leadership and personal responsibility efforts.

"(E) The defendant's contribution of service in support of the community.

"(3) If the court finds that a case satisfies each of the requirements described in paragraph (1), then the court may take any of the following actions by a written order setting forth the reasons for so doing:

"(A) Deem all conditions of probation to be satisfied, including fines, fees, assessments, and programs, and terminate probation prior to the expiration of the term of probation.  This subparagraph does not apply to any court-ordered victim restitution.

"(B) Reduce an eligible felony to a misdemeanor pursuant to subdivision (b) of Section 17.

"(C) Grant relief in accordance with Section 1203.4."
(§ 1170.9, subd. (h)(1)–(3).)

Pursuant to the plain language of section 1170.9, subdivision (h), this subdivision only applies to cases in which probation was granted.  In this case, defendant was not granted probation and thus he was not eligible for consideration under this subdivision.  Accordingly, the trial court properly denied his petition.

## DISPOSITION

The April 11, 2025 order denying the petition for dismissal is affirmed.

5.